# CHITTENDEN COUNTY SHERIFF'S DEPARTMENT
## P.O. BOX 1426
## BURLINGTON, VERMONT 05402

### RETURN OF SERVICE

On the **15** day of **MAY**, 20**12**, I made service of the following document(s) upon the defendant **Martin's Food of South Burlington Inc dba** _____

- ☐ Summons
- ☐ Complaint
- ☐ Motion(s)
- ☐ Affidavit
- ☐ Summons to Trustee
- ☐ List of Exemptions
- ☐ Trustee Disclosure Under Oath
- ☐ Order to Escrow Rent
- ☐ Notice to Vacate
- ☐ Subpoena - Witness fees of _____
- ☐ _____
- ☐ _____
- ☐ _____

- ☐ Interrogatories
- ☐ Exhibit(s)
- ☐ Writ of Possession
- ☐ Judgment Order
- ☐ Order _____
- ☐ Memorandum of Law
- ☐ Notice of Hearing _____
- ☐ Writ of Attachment
- ☐ Recognizance

- ☐ by delivering a copy of the same to the defendant.
- ☒ by delivering a copy of the same to **Ryan Gardner Esq / Douglas Pierson Esq - registered agent**
- ☐ a person of suitable age and discretion and then and there a resident at the usual place of abode of said defendant.
- ☒ At **Burlington**

Vermont, (for each of them) a copy thereof with my return endorsed thereon.

| | | | |
|---|---|---|---|
| Service | _____ | Copies $ | _____ |
| Travel | _____ | Miles | _____ |
| Postage | _____ | | _____ |
| Copying | _____ | Copies | _____ |
| Town Clerk | _____ | Pages | _____ |
| Notary Fee | | | _____ |
| Other | _____ | | _____ |

TOTAL                $ _____

_____
Sheriff/Deputy Sheriff

STATE OF VERMONT

SUPERIOR COURT                           CIVIL DIVISION
Washington Unit                          Docket No.

Donna Davis                )
    Plaintiff              )
                           )
    v.                     )    **SUMMONS**
                           )
Martin's Foods of South Burlington, Inc.  )
d/b/a Hannaford Supermarket & Pharmacy    )
    Defendant              )

## THIS SUMMONS IS DIRECTED TO:

## MARTIN'S FOODS OF SOUTH BURLINGTON, INC.

1. **YOU ARE BEING SUED.** The plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail the Plaintiff **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to Plaintiff's Attorney, Charles S. Martin, Esq., located at:

    **Charles S. Martin & Associates, PC**
    **PO Box 607**
    **Barre, VT  05641.**

You must also give or mail your Answer to the Court located at:

    **Vermont Superior Court**
    **Washington Unit**
    **65 State Street**
    **Montpelier, VT  05602.**

1

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT GIVE YOUR WRITTEN ANSWER TO THE COURT.** If you do not Answer within 20 days and file it with the Court, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint.

5. **YOU MUST MAKE ANY CLAIMS AGAINST THE PLAINTIFF IN YOUR REPLY.** Your Answer must state any related legal claims you have against the Plaintiff. Your claims against the Plaintiff are called Counterclaims. If you do not make your Counterclaims in writing in your Answer, you may not be able to bring them up at all. Even if you have insurance and the insurance company will defend you, you must still file any Counterclaims you may have.

6. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you cannot afford a lawyer, you should ask the court clerk for information about places where you can get free legal help. **Even if you cannot get legal help, you must still give the Court a written Answer to protect your rights or you may lose the case.**

_____     May 10, 2012_____
Plaintiff's Attorney                                Date

Served on  5-15-12      _____
           Date                                    Sheriff

2

STATE OF VERMONT

SUPERIOR COURT  			CIVIL DIVISION
Washington Unit			Docket No.

Donna Davis                                                )
    Plaintiff                                         )
                                                           )
v.                                                         )        **COMPLAINT**
                                                           )
Martin's Foods of South Burlington, Inc.                   )
d/b/a Hannaford Supermarket & Pharmacy                     )
    Defendant                                         )

1. Plaintiff is a resident of Barre City, County of Washington and State of Vermont.

2. Defendant is a Vermont corporation having its principal address Scarborough, Maine.

3. Defendant is an employer that employs 15 or more individuals who are employed for an average of at least 30 hours per week during a year.

4. Plaintiff was hired by Howard's Market in South Barre, Defendant's predecessor in May, 2000.

5. Subsequent to Plaintiff's beginning of employment with Howard's Market, it was obtained and owned by Defendant.

6. Plaintiff's employment was continued with Defendant as her employer.

7. In 2002, Plaintiff was notified that any employee of Defendant would face disciplinary action in the event that employee had more than six absences in six months in the course of employment.

8. On January 23, 2012, Plaintiff was notified that she has reached the six absence limit of her employment with Defendant within the past six months. Plaintiff disputed that record maintained by Defendant.

1

9. Plaintiff's recollection was that she only had two absences in the past six months:

    a. In November, 2011, Plaintiff was in the process of enrolling her daughter, who was previously home-schooled, in public school. The enrollment process took longer than expected, and Plaintiff contacted Defendant's place of business in South Barre by phone and advised she would be late. She was ½ hour late for the beginning of her shift.

    b. On January 20, 2012, Plaintiff had an appointment for the family's pet dog 2½ hours before the beginning of her shift. Because of the line of patients before her, she noted that she would probably be late for work. She again contacted Defendant's place of business by phone and advised she would be late. She was 15 minutes late for the beginning of her shift.

10. On those two occasions, Plaintiff was notified that a "slip" would be put in her personnel file recording her minimal absence from work. She was not informed of any other instance within the past six months that an absence would be recorded by a slip being placed in her file.

11. Plaintiff suffers from sudden and unexpected bouts of migraine headaches and has been treated for that condition for the past twenty years.

12. On January 26, 2012, Plaintiff had an onset of a migraine headache while at her job with Defendant that made it impossible for her to work.

13. Plaintiff requested her supervisor to excuse from work four hours before the end of Plaintiff's shift.

14. Permission was granted to Plaintiff to be excused from work, and Plaintiff went home took her prescription medication for her migraine condition and went to bed, which has been the advice of her doctor when her migraine headaches occur.

15. When Plaintiff returned for her next scheduled work shift on January 27, 2012, she was advised at the beginning of her shift that she was suspended from work because she exceeded the allowed number of absences. Plaintiff then left Defendant's place of business in South Barre as ordered.

16. Plaintiff's next scheduled shift was January 31, 2012. However, she was called to Defendant's place of business on January 30, 2012, and notified that she was terminated from her employment with Defendant because she exceeded the allowed number of absences.

17. At the time of Plaintiff's termination, she was earning $14.27 per hour at her employment, plus medical, dental, vision, short term disability, life insurance and contributions to a 401K.

## COUNT I

18. Plaintiff incorporates paragraphs 1 - 17 of her complaint into this Count.

19. Defendant's termination of Plaintiff violates 21 V.S.A. Chapter 5, Subchapter 4A "Parental and Family Leave."

## COUNT II

20. Plaintiff incorporates paragraphs 1 - 17 of her complaint into this Count.

21. Defendant's termination of Plaintiff violates 21 V.S.A. Chapter 5, Subchapter 6 "Fair Employment Practices," specifically 21 V.S.A. § 495(a)(1).

## COUNT III

22. Plaintiff incorporates paragraphs 1-17 of her complaint into this Count

23. Defendant's termination of Plaintiff violates 42 U.S.C. Chapter 126 "Equal Opportunities for Individuals with Disabilities," a/k/a "Americans with Disabilities Act of 1990, as Amended," specifically, Subchapter I – Employment.

## COUNT IV

24. Plaintiff incorporates paragraphs 1 - 17 of her complaint into this Count.

25. Defendant's actions have required Plaintiff to idealize suicide, seek professional counseling and have her prescription of anti depressants increased.

26. The conduct of Defendant, its employees, servants and agents in terminating Plaintiff's employment under the circumstances outlined in this complaint constitutes intentional infliction of mental distress.

## COUNT V

27. Plaintiff incorporates paragraphs 1-17 and 25-26 of her complaint into this Count.

28. Defendant's conduct, through its corporate policies of denying its employees their rights under Vermont's Parent and Family Leave Law, discriminating against its employees with disabilities ion violation of the laws of both the United States of American and the state of Vermont and causing its employees, servants and agents to implement those policies, is intentional, willful, malicious and wanton.

WHEREFORE, Plaintiff seeks damages, statutorily, compensatory and punitive, along with costs and attorney's fees from Defendant in an amount determined by this Court.

DEMAND FOR JURY TRIAL

Pursuant to V.R.C.P. 38, Plaintiff demands a trial by jury.

DATED at Barre City in the County of Washington and State of Vermont this 10th day of May, 2012.

Charles S. Martin, Esq.
Charles S. Martin & Associates, PC
PO Box 607
Barre, VT 05641

(802) 479-0568